IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 3, 2010

## RONALD A. BARKER v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 10-CR-9454      R. Lee Moore, Jr., Judge**

---

**No. W2010-00881-CCA-R3-HC  - Filed September 9, 2010**

---

The petitioner, Ronald A. Barker, appeals from the habeas corpus court's summary dismissal of his petition for writ of habeas corpus. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Ronald A. Barker, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 1, 2004, a Sullivan County jury convicted the petitioner of possession of morphine for sale or delivery, a Class C felony ("Count One"); possession of dihydrocodone, a Class D felony ("Count Two"); possession of alprazolam for sale or delivery, a Class D felony ("Count Three"); and possession of .5 ounces or more of marijuana for sale or delivery, a Class E felony ("Count Four"). Following his conviction, the petitioner, who was free on bond until sentencing, fled the jurisdiction. In his absence, the trial court held a sentencing hearing. The trial court entered four judgments of conviction on June 25, 2004. The trial court ordered nine years' incarceration for Count One with no instructions on consecutive or concurrent sentencing. It ordered seven years' incarceration for Count Two with instructions that it run consecutively to "Ct 2." The trial court ordered seven and three year sentences for Counts Three and Four, respectively, and ordered both to

run concurrently to each other and Count One but consecutively to Count Two. Because Count Two's running consecutively to itself has no effect on the sentence, the total sentence amounted to an effective 14 years' incarceration.

The petitioner was arrested in Florida in 2005 and extradited to Tennessee. The trial court then amended the four judgments of conviction on May 9, 2006, to reflect that the defendant was not in custody until April 18, 2006.[1] On August 4, 2006, the trial court filed amended judgment forms for Counts One and Two. The amended judgments ordered that Count One be served consecutively to Count Two, and the trial court removed the instruction that Count Two be served consecutively to itself. Thus, by running the nine-year sentence for Count One consecutively to the seven-year sentence for Count Two, the trial court's amended judgments created an effective 16-year sentence.

The petitioner filed a pro se petition for post-conviction relief on January 2, 2007, in which he

> attacked the validity of his initial arrest and the validity of the arrest warrants and presentments giving rise to the action. The petitioner also claimed that the evidence used against him at trial was illegally obtained, that the prosecution withheld exculpatory evidence, that the evidence used at trial was insufficient to support his convictions, and that he received the ineffective assistance of counsel.

*Ronald A. Barker a/k/a George N. Bailey v. State*, No. E2007-00195-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Knoxville, Feb. 19, 2008). The post-conviction court dismissed his petition as untimely because it was filed more than one year from the June 2004 judgments. The post-conviction court also determined that the 2006 amended judgments did not toll the running of the one-year statute of limitation for the post-conviction petition. *Id.* The defendant appealed to this court, and we affirmed. As to the petitioner's argument that the 2006 amended judgments extended his time to file a petition for post-conviction relief, this court noted,

> Regarding the amended judgments, the trial court stated that it entered the judgments pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure, which gives the trial

---

[1]The trial court apparently included this explanation to clarify an issue of pretrial jail credits with the Department of Correction. *Ronald A. Barker a/k/a George N. Bailey v. State*, No. E2007-00195-CCA-R3-PC, slip op. at 2-3 (Tenn. Crim. App., Knoxville, Feb. 19, 2008).

court jurisdiction to correct a clerical error in a judgment after it has become final. However, this court has previously noted that changes under this rule may only be made where "the judgment entered omitted a potion [sic] of the judgment of the court or that the judgment was erroneously entered . . . . In the absence of these supporting facts, a judgment may not be entered under the clerical error rule after it has become final." *State v. Jack Lee Thomas, Jr.*, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. at Knoxville, Nov. 15, 1995). In this case, the record reflects, and the trial court correctly stated, that there were no errors in the judgments as they were originally entered. Thus, the 2006 amended judgments were entered in error and are void, as they were beyond the jurisdiction of the trial court. *See Brown v. Brown*, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955). Because these amended judgments were a nullity, they did not start anew the time for filing a post-conviction petition. Applying the statute of limitations established in Tennessee Code Annotated section 40-30-102(a), the petitioner had until July 21, 2005, to file his petition. His petition was filed after this date and was, provided no exception applies, time-barred.

*Id*. at 4.

The petitioner also filed a petition for declaratory judgment. As explained by the habeas corpus court,

The exhibits reflect that the petitioner later filed a Petition for Declaratory Judgment with the Tennessee Department of Corrections to clarify or correct any deficiencies in the judgments. Petitioner attaches a copy of a judgment reflecting Case No. S47936, count one, in which the defendant was convicted of possession of morphine for sell or delivery with a date of entry of the judgment being December 17, 2008. This judgment reflects that there was a plea of guilty, but also that there was a jury verdict of guilty. The sentence was nine years as a Multiple Range II offender. This judgment reflects that the sentence was to run consecutive to the sentence in count two of this case. Thereafter, the petitioner filed a lawsuit in Chancery Court for Davidson County challenging the sentence calculation

of the Tennessee Department of Corrections. An order was entered by Chancellor Claudia Bonnyman on March 12, 2010, granting a Motion for Summary Judgement filed on behalf of the Tennessee Department of Corrections confirming the sentencing.

Perhaps importantly, the record reflects that the December 17, 2008 judgment reflecting consecutive sentences was a "corrected" judgment.

In his habeas corpus petition, the petitioner alleged that he was being held on the 2006 amended judgments, which this court declared void in his appeal of the denial of his petition for post-conviction relief. The court summarily dismissed the petition for writ of habeas corpus relief, ruling that "[t]he sentences in this case are not void and have not expired."

The petitioner appeals, arguing that because this court declared the 2006 amended judgments void in his post-conviction appeal, the subsequent 2008 judgment correction ordering consecutive sentencing must also be void.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d

284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition to the various procedural requirements for the prosecution of a petition for writ of habeas corpus contained in the Code, *see generally* T.C.A. §§ 29-21-105 to -112, our supreme court has held that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Id.* When a petitioner fails to attach to his petition sufficient documentation supporting his claim of sentence illegality, the habeas corpus court may summarily dismiss the petition. *Id.*

First, we note that the original judgments are not void. Although the 2004 judgment for Count Two contains an erroneous instruction that the sentence run consecutively to itself, this error does not render the judgment, or the judgments for the other counts, void. Despite this court's declaration that the 2006 amended judgments were void, the trial court acted within its jurisdiction in filing the 2008 corrected judgment ordering that Count One run consecutively to Count Two. *See* Tenn. R. Crim. P. 36 (clerical mistakes in judgments are correctable at any time). The petitioner argues that, because the 2006 judgments were declared void by this court, it must necessarily follow that the trial court was without jurisdiction to enter the 2008 corrected judgment; however, the judgments on which the petition is incarcerated are the 2004 judgments for all counts, which this court has declared legal, as corrected by the 2008 judgment for Count One, which we now declare legal on the basis that the original judgments evinced an ambiguity that warranted Rule 36 correction. Because the defendant cannot show that these judgments are void, we affirm the trial court's summary dismissal of his petition for writ of habeas corpus.

We also note that the defendant argues in his brief that the 2008 corrected judgment illegally deprived him of pretrial jail credits. However, as the State notes in its brief, the petitioner received full credit for his pretrial jail credit on his 2004 judgments. The trial court correctly omitted any credit for Count One in the 2008 corrected judgment ordering the sentence to run consecutively to Counts Two, Three, and Four, which already accounted for the pretrial credit.

Because nothing in the petition for writ of habeas corpus shows that the petitioner is being held in custody based on void judgments, we affirm the habeas corpus court's summary dismissal of his petition.

_____
JAMES CURWOOD WITT, JR., JUDGE