IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2012

## BARRY W. RITCHIE v. BRUCE WESTBROOKS, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2011-CR-55       E. Eugene Eblen, Judge**

---

**No. E2012-00062-CCA-R3-HC - Filed August 6, 2012**

---

The petitioner appeals the summary dismissal of his petition for writ of habeas corpus, in which he challenged his 1981 Hamilton County Criminal Court jury convictions of aggravated rape and aggravated robbery. In this appeal, he claims that his aggravated rape conviction and accompanying sentence of life imprisonment are void because that offense was not actually classified as a Class X felony by the general assembly at the time of his crime. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Barry W. Ritchie, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, Bruce Westbrooks, Warden.

**OPINION**

In 1981, a Hamilton County Criminal Court jury convicted the petitioner and a co-defendant of one count of aggravated rape and one count of aggravated robbery, and the trial court imposed an effective sentence of life imprisonment for each offender. *See State v. Ritchie*, 20 S.W.3d 624, 626 (Tenn. 2000). This court affirmed the petitioner's convictions and sentence on direct appeal, and our supreme court denied the petitioner's application for discretionary appeal. *See id.* The petitioner then filed an unsuccessful petition for post-conviction relief and three unsuccessful petitions for writ of habeas corpus. *See Barry Winfred Ritchie v. State*, No. E2002-02609-CCA-R3-PC, slip op. at 1-3 (Tenn. Crim. App.,

Knoxville, Aug. 18, 2003) (detailing the procedural history of the petitioner's case).

In his latest bid for habeas corpus relief, filed in the Morgan County Circuit Court on September 6, 2011, the petitioner claimed that the trial court was without jurisdiction to impose a sentence of life imprisonment for his aggravated rape conviction because that offense was not designated as a Class X felony at the time of his offense. In support of his petition, the petitioner attached copies of the indictment, judgments, and session laws enacting the offense and designating the Class X felonies. In its motion to dismiss the petition, the State argued that the petitioner's own supporting documents contradicted his claim. The State noted, as it does again on appeal, that the 1979 public act creating Class X felonies included the offense of criminal sexual conduct in the first degree, which became via a 1980 amendment the offenses of aggravated rape and aggravated sexual battery. Another 1980 public act added the new offense of aggravated rape to the list of Class X felonies.

The habeas corpus court summarily dismissed the petition for writ of habeas corpus.

In this appeal, the petitioner reasserts his claim that his aggravated rape judgment is void because aggravated rape was not classified as a Class X felony at the time of his offense.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a

voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We expedite our ruling because the petitioner is quite simply wrong. The general assembly designated aggravated rape as a Class X felony via a 1980 amendment to former Code section 39-3703. *See* Pub. Acts, ch. 463, § 2. The offense in this case occurred in 1981, well after the effective date of the statute.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE