IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2013

## CHRISTOPHER A. WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. CC13CR30      Joseph H. Walker, III, Judge**

─────────────────────

**No. W2013-00555-CCA-R3-HC - Filed September 30, 2013**

─────────────────────

The petitioner, Christopher A. Williams, appeals the summary dismissal of his petition for writ of habeas corpus that challenged his 1997 Shelby County Criminal Court jury conviction of felony murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Christopher A. Williams, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, who was 14 years old at the time of the offenses, was originally charged with premeditated murder, felony murder, and attempted aggravated robbery. *See State v. Christopher A. Williams*, No. 02C01-9711-CR-00427, slip op. at 2 (Tenn. Crim. App., Nashville, July 28, 1998), *perm. app. denied* (Tenn. Feb. 16, 1999). The petitioner's first trial ended in a mistrial, and the jury in his second trial convicted the petitioner of attempted aggravated robbery but failed to reach a verdict on the remaining offenses. *See id.* Following a third trial, the petitioner was convicted of felony murder and sentenced to life imprisonment. *See State v. Christopher A. Williams*, No. 02C01-9711-CR-00440, slip op. at 2 (Tenn. Crim. App., Nashville, Dec. 10, 1998), *perm. app. denied* (Tenn. April 26, 1999). This court affirmed the petitioner's convictions and accompanying sentences as well as the denial of his subsequent petition for post-conviction relief. *See Christopher A.*

*Williams v. State*, No. W2003-00676-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Nashville, May 6, 2004) (not for citation), *perm. app. denied* (Tenn. Sept. 13, 2004). This court similarly affirmed the summary dismissal of the petitioner's first petition for writ of habeas corpus wherein the petitioner had claimed a denial of the right to counsel and a violation of his privilege against self-incrimination. *See Christopher A. Williams v. Tony Howerton, Warden*, No. E2012-00932-CCA-R3-HC, slip op. at 1 (Tenn. Crim. App., Knoxville, Oct. 8, 2012).

In his most recent bid for habeas corpus relief, the petitioner alleged that his felony murder conviction is void because the trial court imposed a sentence of life without the opportunity of parole. Citing *Miller v. Alabama*, 132 S. Ct. 2455 (2012), the petitioner claimed that because he was a juvenile at the time of his offense, a sentence of life without the opportunity for parole is unconstitutional. He also argued that a sentence of life with the possibility of parole would be void "because this sentencing scheme did not exist at the time of the alleged offense in this case." The habeas corpus court summarily dismissed the petition, concluding that "[t]he manner in which the judgment form was filled out does not void the judgment."

In this appeal, the petitioner claims that his felony murder judgment is void because the judgment erroneously imposed an unavailable sentence of "Life with Parole" and, in the alternative, that a sentence of life without parole is unconstitutional because he was a juvenile at the time of the offenses. The State contends that the habeas corpus court did not err by summarily dismissing the petition because the petitioner failed to comply with the procedural requirements for filing a petition for writ of habeas corpus by failing to attach to the petition a copy of his previous petition for the writ. In the alternative, the State contends that the petitioner failed to state a cognizable claim for habeas corpus relief and that the petitioner's claim that the trial court imposed a sentence of life without parole is without merit.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any

pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The judgment appended to the habeas corpus petition clearly reflects that the trial court did not impose a sentence of life without the possibility of parole. The petitioner's confusion stems from the trial court's failure to place a check mark in the blank next to the word "Life" on the uniform judgment sheet. Instead, the trial court placed a check mark in the blank beside the phrase "Life without Parole" but marked through the "out" part of the word "without." The trial court also wrote "Life with Parole" above the blank. The trial court's notations were apparently intended to differentiate the petitioner's life sentence, for which he must serve a minimum of 51 years' incarceration before eligibility for release, from a sentence of life without the possibility of parole. Although this court has observed that the phrase "life with parole" is inaccurate because a defendant sentenced to life is entitled "to be released, as opposed to being paroled, after serving 100 percent of sixty years less any eligible credits so long as they do not operate to reduce the sentence by more than 15 percent, or nine years," *see State v. Kermit Penley*, No. E2004-00129-CCA-R3-PC, slip op. at 4 (Tenn. Crim. App., Knoxville, Nov. 1, 2004), use of the term would not render the petitioner's judgment void. Consequently, the habeas corpus court did not err by summarily dismissing the petition.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE