James KILLINGSWORTH, et al.

v.

TED RUSSELL FORD, INC.

Supreme Court of Tennessee,
at Knoxville.

Sept. 7, 2006 Session.

Oct. 13, 2006.

J. Myers Morton and George W. Morton, Jr., Knoxville, Tennessee, for the appellants James Killingsworth and Kathy Killingsworth.

J. Douglas Overbey and Daniel R. Pilkington, Knoxville, Tennessee, for the appellee, Ted Russell Ford, Inc.

## OPINION

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and JANICE M. HOLDER, GARY R. WADE, JJ., and E. RILEY ANDERSON, Sp.J., joined.

We granted this appeal to determine whether a plaintiff who is successful in an action brought under the Tennessee Consumer Protection Act of 1977, Tenn.Code Ann. §§ 47–18–101–125 (2001), may be awarded appellate attorney's fees. We answer that question in the affirmative. We also hold that to recover those fees a plaintiff must indicate to the appellate court that he or she is seeking to recover appel-

late attorney's fees. Accordingly, we affirm the judgment of the Court of Appeals.

## FACTS

The underlying facts of this case are not in dispute before this Court. The plaintiffs ("the Killingsworths") purchased a vehicle from the defendant ("Ted Russell Ford"). When the Killingsworths subsequently discovered that their "new" vehicle had sustained pre-sale damage, they brought an action against Ted Russell Ford pursuant to the Tennessee Consumer Protection Act of 1977 ("the TCPA" or "the Act"), Tenn.Code Ann. §§ 47–18–101–125 (2001). The matter went to trial, and the jury awarded the Killingsworths $2,500 in compensatory damages. Following the Killingsworths' post-trial motion for attorney's fees and costs, the trial court awarded the Killingsworths a total of $500. The Killingsworths appealed the fee award. The Court of Appeals concluded that the trial court had based its decision regarding fees and expenses on an erroneous "factual predicate" and remanded the case for further proceedings. *See Killingsworth v. Ted Russell Ford, Inc.,* 104 S.W.3d 530, 537 (Tenn.Ct.App.2002).

On remand, the Killingsworths submitted affidavits from counsel detailing the time spent preparing the case for trial, trying the case, and handling the first appeal. The Killingsworths now sought attorney's fees totaling $17,197.50 and $2,448.35 in costs. The trial court awarded the Killingsworths $2,000 in attorney's fees for time spent preparing and trying the case, $4,500 in attorney's fees for time spent on the appeal, and $2,448.35 in costs.

The Killingsworths appealed a second time on the basis that the $2,000 award of attorney's fees for trial-level work was insufficient. Ted Russell Ford appealed on the basis that the attorney's fees awarded

for the appellate work are not covered by the TCPA. Alternatively, Ted Russell Ford argued that, even if such fees are recoverable under the TCPA, the Killingsworths waived their right to them because they did not request them in their appellate pleadings.

On the second appeal, the Court of Appeals held that the TCPA does permit an award of attorney's fees for work on an appeal but also held that any claim for appellate attorney's fees must first be addressed to the appellate court. Because the Killingsworths did not request an award of appellate attorney's fees at any time during the initial appeal, the Court of Appeals reversed the trial court's award of $4,500. Upon its review of the trial court's award of $2,000 for trial-level attorney's fees, the Court of Appeals concluded that this amount was insufficient and increased the award to $6,500.[1]

Before this Court, the Killingsworths argue that the TCPA permits an award of attorney's fees for appellate work. They also contend that the request for such fees need not be made until after the appeal succeeds. The Killingsworths reason that a defendant is put on sufficient notice that such fees may be sought upon remand "by plaintiff's reference to the statute in the complaint." Ted Russell Ford maintains that the Court of Appeals erred in holding that appellate attorney's fees are recoverable under the TCPA; that, even if such fees are recoverable, the Killingsworths did not make a timely request for them; and that the Court of Appeals erred in increasing the award of trial-level attorney's fees.

We granted this appeal in order to determine whether reasonable attorney's fees incurred during the appeal of a case brought under the TCPA may be awarded, at what point in the litigation such fees must be requested, and whether the intermediate court erred when it increased the award of trial-level attorney's fees from $2,000 to $6,500. For the reasons set forth below, we now hold that the TCPA permits an award of reasonable appellate attorney's fees, that such fees must be requested in the appellate pleadings, and that the intermediate appellate court did not err in increasing the award of trial-level attorney's fees. Accordingly, we affirm the judgment of the Court of Appeals.

## STANDARD OF REVIEW

This case requires us to construe certain provisions of the TCPA. Issues of statutory construction are questions of law which this Court reviews do novo with no presumption of correctness accorded the trial court's conclusions. *Lavin v. Jordon,* 16 S.W.3d 362, 364 (Tenn.2000). When interpreting statutes, this Court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application. *Perrin v. Gaylord Entm't Co.,* 120 S.W.3d 823, 826 (Tenn.2003).

## ANALYSIS

### I. AWARD OF APPELLATE ATTORNEY'S FEES

The TCPA provides, in pertinent part, that

[a]ny person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages.

1. The award of $2,448.35 in discretionary costs is not at issue in this appeal.

Tenn.Code Ann. § 47–18–109(a)(1) (2001). Such actions "may be brought in a court of competent jurisdiction," *id.* at (a)(2), and "the court may award three (3) times the actual damages sustained" where the court finds the defendant's conduct was a "willful or knowing violation" of the TCPA, *id.* at (a)(3). In addition to actual and punitive damages, the TCPA provides that, "[u]pon a finding by the court that a provision of [the TCPA] has been violated, the court may award to the person bringing such action *reasonable attorney's fees and costs.*" *Id.* at (e)(1) (emphasis added).

Our General Assembly has instructed Tennessee's courts to construe the TCPA's provisions "liberally" so as "to promote," inter alia, the protection of "consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." *Id.* § 47–18–102(2) (2001). The Act further provides that, because it is "deemed remedial legislation necessary for the protection of the consumers of the state of Tennessee and elsewhere, [it] shall be construed to effectuate [its] purposes and intent." *Id.* § 47–18–115 (2001). This Court has previously recognized that the TCPA "is remedial, rather than regulatory in nature." *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 925 (Tenn.1998).

■ In concluding that the TCPA provides for an award of attorney's fees incurred on appeal, the Court of Appeals relied on this Court's decision in *Forbes v. Wilson County Emergency Dist. 911 Bd.,* 966 S.W.2d 417 (Tenn.1998). The *Forbes* case dealt with, among other things, a claim brought pursuant to the Tennessee Human Rights Act ("the THRA"), Tenn. Code Ann. §§ 4–21–101–702 (2005). The THRA prohibits discriminatory practices in several areas including employment, public accommodations, and housing and financing. *See id.* §§ 4–21–401, –501, –601 (2005). The legislation was enacted to, inter alia, "[s]afeguard all individuals within the state from discrimination because of race, creed, color, religion, sex, age or national origin in connection with employment and public accommodations," *id.* § 4–21–101(a)(3), protect such persons' "interest in personal dignity and freedom from humiliation," *id.* at (a)(4), and "[f]urther the interest, rights, opportunities and privileges of individuals within the state," *id.* at (a)(8). Persons filing successful claims with the Tennessee Human Rights Commission may be awarded "damages for an injury, including humiliation and embarrassment, caused by the discriminatory practice, and cost, *including a reasonable attorney's fee.*" Tenn.Code Ann. § 4–21–306(a)(7) (2005) (emphasis added). The THRA also preserves the rights of complainants to file a civil cause of action in chancery or circuit court, in which case the trial court is empowered to award "actual damages sustained by such plaintiff, together with the *costs of the lawsuit, including a reasonable fee for the plaintiff's attorney of record....*" *Id.* § 4–21–311(b) (2005) (emphasis added). This Court held in *Forbes,* with very little discussion, that, since the plaintiff was the prevailing party in the suit, her attorneys were "entitled to reasonable compensation for their time spent in pursuing this appeal," irrespective of her failing to prevail on all of the issues on appeal. 966 S.W.2d at 422. Our decision in *Forbes* makes clear that legislative provisions for an award of reasonable attorney's fees need not make a specific reference to *appellate* work to support such an award where the legislation has broad remedial aims.

We agree with the Court of Appeals that the TCPA should be construed so as to allow an award of reasonable attorney's fees generated during an appeal, and we

agree with the analysis articulated by the intermediate court:

> The THRA and the TCPA both contain sections setting forth the purpose and intent of the respective statutes. In very general terms, the THRA is intended to assure Tennessee has "appropriate legislation prohibiting discrimination in employment, public accommodations and housing...." *See* Tenn.Code Ann. § 4–21–101(a)(2). The TCPA, on the other hand, is intended "to protect consumers and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this state." *See* Tenn.Code Ann. § 47–18–102(2). The TCPA further provides that its provisions "shall be liberally construed to promote" the statute's purpose. Tenn.Code Ann. § 47–18–102. While the THRA and the TCPA certainly are aimed at remedying vastly different wrongs, they both are comprehensive legislation intended to protect the citizens of Tennessee. Both statutes also provide for a "reasonable" attorney's fee. Tenn.Code Ann. § 4–21–306(a)(7); Tenn.Code Ann. § 47–18–109(e)(1). Neither statute contains any language to the effect that an award of attorney fees is limited to fees incurred at the trial court level. Given that our Supreme Court has interpreted the THRA to authorize an award of attorney fees incurred on appeal, we can find no compelling reason whatsoever to interpret essentially identical language contained in the TCPA any differently. Therefore, we hold that the TCPA does authorize an award of attorney fees incurred on an appeal.

Additionally, the TCPA allows an award of attorney's fees to a plaintiff only where the trial court has found that one of the Act's provisions "has been violated." Tenn.Code Ann. § 47–18–109(e)(1). If an appeal ensues, the wronged plaintiff's monetary judgment is at risk of being consumed by the resulting appellate attorney's fees unless they are also subject to being awarded. A plaintiff successful at trial is therefore at risk of being "de-remedied" if unable to collect his or her reasonable appellate legal fees. Given the broad remedial goals our legislature determined to pursue with the TCPA, we do not think the General Assembly intended that result. As this Court has previously recognized, a potential award of attorney's fees under the TCPA is intended to make the prosecution of such claims economically viable to a plaintiff. *Miller v. United Automax*, 166 S.W.3d 692, 697 (Tenn.2005) (citing *Killingsworth*, 104 S.W.3d at 535). The same concern with economic viability applies equally to appellate attorney's fees.

■ We hold, therefore, that a plaintiff may be awarded reasonable attorney's fees incurred during an appeal on a claim brought under the TCPA where one or more of the TCPA's provisions has been violated.

## II. Timing of Request for Appellate Attorney's Fees

■ We next consider the point at which a plaintiff pursuing a claim under the TCPA must request reasonable appellate attorney's fees. We agree with the intermediate appellate court's conclusion on this issue: "when a party is seeking attorney fees incurred on an appeal, that request, absent any statute or rule directing otherwise, must be directed first to the appellate court in a timely fashion." Our rules of appellate procedure require an appellant to set forth in his or her brief "[a] statement of the issues presented for review." Tenn. R.App. P. 27(a)(4) (2006). A claim for appellate attorney's fees is an issue that should be set before the appellate court because a remand to the trial

court is not a foregone conclusion.[2] Also, as Ted Russell Ford points out in its brief to this Court, subsection (a)(8) of Rule 27 provides that an appellant's brief shall contain "[a] short conclusion, stating the precise relief sought." Tenn. R.App. P. 27(a)(8). An award of attorney's fees generated in pursuing the appeal is a form of relief; the rule requires it to be stated.

The Killingsworths contend that a defendant is on notice of a plaintiff's intent to seek appellate attorney's fees by reference to the TCPA in the original complaint. While notice of a plaintiff's intent to seek fees in the trial court may be provided by such a reference, we disagree that notice of intent to seek *appellate* fees is accomplished thereby. Unless and until a judgment is rendered from which an appeal is taken, a plaintiff has no claim to appellate attorney's fees. Also, a request for appellate attorney's fees in an original complaint is nonsensical because such fees will not have been incurred by the time a judgment is rendered. Further, we agree with the intermediate appellate court that a party's failure to request appellate attorney's fees on appeal would leave that party empty-handed in the event the matter was not remanded to the trial court. Finally, a party defending an action under the TCPA is entitled to clear and timely notice that the plaintiff will be seeking attorney's fees generated during the appeal in order to address the propriety of such an award.

■ Relying on *Chaille v. Warren,* 689 S.W.2d 173 (Tenn.Ct.App.1985), the Killingsworths contend that "the only proper time to request fees for legal services performed on appeal would be on the remand of the case." *Id.* at 178. We are not persuaded. In *Chaille,* the intermediate appellate court was not construing the TCPA. Rather, the court addressed the effect of Tennessee Code Annotated section 29–27–121 permitting an award of attorney's fees from the common fund created by the sale of partitioned land. All issues related to the partition sale, including the payment of costs and fees, are statutorily addressed to the trial court. Further, the court was not considering the impact of Tennessee Rule of Appellate Procedure 27(a). In short, *Chaille* is not apposite to the issue now before us. We hold that a plaintiff seeking to recover reasonable attorney's fees generated during an appeal of a case brought under the TCPA must set forth his or her intention to do so in his or her appellate pleadings. Accordingly, we hold that the Killingsworths are not entitled to their appellate attorney's fees because they failed to request them in their appellate pleadings.

### III. AWARD OF TRIAL–LEVEL ATTORNEY'S FEES

In the initial appeal of this case, the Court of Appeals determined that the trial court's award of trial-level attorney's fees to the Killingsworths was inadequate. The Court of Appeals therefore remanded this issue to the trial court with instructions to take certain factors into account. Upon the Killingsworths' second appeal from the trial court's award of $2,000 in trial-level attorney's fees, the Court of Appeals increased the award to $6,500. Ted Russell Ford now contends that the Court of Appeals thereby erred.

---

**2.** As noted by the court below, one of four results may obtain following a party's request to an appellate court for an award of appellate attorney's fees: (1) the request is denied; (2) the request is granted and the appellate court sets the amount; (3) the request is granted with a remand to the trial court to set the amount; or (4) the issue is remanded to the trial court for a determination of whether the award should be made and, if so, in what amount.

We disagree. The Court of Appeals reviewed carefully the proof adduced concerning the award of fees as well as the trial court's responses thereto. The intermediate court determined that the evidence did not preponderate against the trial court's conclusion that the trial-level fees requested were excessive but also determined that the facts preponderated against the trial court's award of only $2,000. Accordingly, the Court of Appeals adjusted the award of trial-level fees after "[a]pplying all the relevant factors in DR2–106 in light of the clear legislative intent of the TCPA." [3] Upon our review of the record and the relevant authority, we hold that the Court of Appeals committed no error in raising the award of trial-level fees from $2,000 to $6,500.

### CONCLUSION

We hold that a plaintiff who establishes a violation of one or more of the provisions of the Tennessee Consumer Protection Act may be awarded reasonable attorney's fees generated during appeal(s) of the matter. In order to be awarded such fees, a plaintiff must initially request them in his or her appellate pleadings in a timely manner.

We affirm the judgment of the Court of Appeals. The costs of this cause are taxed equally to plaintiffs, James and Kathy Killingsworth, and defendant, Ted Russell Ford, Inc., for which execution may issue.

3. At the time this case was tried in August 2001, attorney's fees were regulated by the Code of Professional Responsibility. *See* Tenn. S.Ct. R. 8 (2001). Disciplinary Rule 2–106, a subdivision of the Code, set forth several factors for determining appropriate fees to charge for legal services. Effective March 1, 2003, the Code was replaced by the Rules of Professional Conduct. *See* Tenn. S.Ct. R. 8 (2003). The provisions dealing with a lawyer's fee are currently set forth at Tennessee Supreme Court Rule 8, RPC 1.5 (2006).