IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2012

## MICHAEL SCOTT FARNER v. DAVID SEXTON, WARDEN and STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 5805     Lynn W. Brown, Judge**

---

**No. E2011-01636-CCA-R3-HC - Filed August 10, 2012**

---

The petitioner, Michael Scott Farner, appeals the summary dismissal of his petition for writ of habeas corpus, claiming that his 1988 guilty-pleaded convictions of second degree murder, assault with intent to commit first degree murder, and second degree burglary are void because his guilty pleas were not knowingly and voluntarily entered and because his sentences are illegal. Because we perceive no error in the dismissal of the petition for writ of habeas corpus, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROGER A. PAGE, JJ., joined.

Michael Scott Farner, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellees, David Sexton, Warden, and State of Tennessee.

**OPINION**

In 1988, the petitioner pleaded guilty in the Polk County Circuit Court to second degree murder, assault with intent to commit first degree murder, and second degree burglary, and the trial court imposed a total effective sentence of 72 years' incarceration. *See State v. Michael Scott Farner*, No. 03C01-9705-CR-00166, slip op. at 2 (Tenn. Crim. App., Knoxville, Sept. 15, 1998), *perm. app. denied* (Tenn. Mar. 22, 1999). This court affirmed the lengths of the individual sentences as well as the imposition of consecutive sentences in a delayed direct appeal. *See id.*, slip op. at 9, 11.

The petitioner filed the petition for writ of habeas corpus that is the issue of this appeal, his first bid at the state writ, on January 26, 2011. In that petition, he claimed that his judgments were void because his mental and physical handicaps prevented him from knowingly, voluntarily, and intelligently entering pleas of guilty.

On February 11, 2011, the State filed a motion to dismiss the petition for writ of habeas corpus on the basis of the petitioner's failure to satisfy the procedural requirements for the filing of a petition for writ of habeas corpus and his failure to state a cognizable claim for habeas corpus relief. The trial court granted the State's motion on July 15, 2011, and dismissed the petition for writ of habeas corpus on grounds that the petition failed to allege grounds that would support a finding that the petitioner's conviction was void or that his sentence was illegal.

In this appeal, the defendant again asserts that his judgments are void because his guilty pleas were not knowingly, voluntarily, and intelligently entered. Citing his significant physical and mental handicaps, the petitioner, via his inmate helper, claims that he lacked the mental capacity to enter the pleas and that, therefore, both the convictions and the accompanying sentences are void.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2006). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d

284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Although we are sympathetic to the defendant's very significant mental and physical impairments,[1] he has failed to state a cognizable ground for habeas corpus relief. Proof that the petitioner's pleas were not knowingly, voluntarily, and intelligently entered, for whatever reason, would render the judgment voidable rather than void. *See Archer*, 851 S.W.2d at 163-64; *Passarella*, 891 S.W.2d at 627; *see also Summers*, 212 S.W.3d at 255-56, 258.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] The petitioner "suffers from both physical and mental handicaps in that since birth he has been unable to hear or speak. His intelligence level is only slightly above mental retardation, and he is functionally illiterate. . . . [A]s a youth, [the petitioner] suffered severe physical abuse at the hands of his grandparents." *Michael Scott Farner*, slip op. at 3.