# IN THE COURT OF APPEALS OF TENNESSEE
# AT KNOXVILLE
### November 4, 2013 Session

## REBECCA LITTLE v. CITY OF CHATTANOOGA

### Appeal from the Chancery Court for Hamilton County
### No. 11-0571    W. Frank Brown, III, Chancellor

---

### No. E2013-00838-COA-R3-CV-FILED-FEBRUARY 14, 2014

---

This appeal questions the propriety of the trial court's award of attorney's fees and costs pursuant to Tennessee Code Annotated § 10-7-505(g) (Supp. 2013). The statute provides that an award of fees and costs can be made when a municipality wrongfully fails to disclose public documents requested pursuant to the Public Records Act. In the prior appeal of this action, this Court determined that the trial court abused its discretion in failing to award the plaintiff fees and costs she incurred in seeking the disclosure of public documents from the City of Chattanooga pursuant to the referenced statute. Upon remand, the plaintiff filed a petition seeking attorney's fees and costs exceeding $70,000.00. The trial court found that the total fees and costs sought by the plaintiff were unreasonable and excessive, and the court reduced the amount of fees awarded to $50,284.50. The court also reduced the costs awarded for mileage and court reporter charges. Plaintiff appeals. We reverse the trial court's judgment and remand for entry of an award of the full amount of fees and costs sought.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and D. MICHAEL SWINEY, J., joined.

John R. Anderson and Mark W. Litchford, Chattanooga, Tennessee, for the appellant, Rebecca Little.

Phillip A. Noblett and Keith J. Reisman, Chattanooga, Tennessee, for the appellee, City of Chattanooga.

**OPINION**

## I. Factual and Procedural Background

In the prior appeal of this matter, plaintiff Rebecca Little questioned the trial court's denial of her request for an award of attorney's fees and costs pursuant to Tennessee Code Annotated § 10-7-505(g). This Court concluded that the City of Chattanooga ("the City") had knowingly and willfully failed to disclose public documents requested by Ms. Little pursuant to the Public Records Act, codified at Tennessee Code Annotated § 10-7-101 *et seq.* In its prior opinion, this Court discussed that Tennessee Code Annotated § 10-7-505(g) provides the trial court may, in its discretion, make an award of fees and costs to the person seeking disclosure of the public records when such records have been knowingly and willfully withheld. *Little v. City of Chattanooga*, No. E2011-02724-COA-R3-CV, 2012 WL 4358174 at *15 (Tenn. Ct. App. Sept. 25, 2012). This Court quoted with approval *Nashville Post Co. v. Tennessee Educ. Lottery Corp.*, No. M2006-01863-COA-R3-CV, 2007 WL 3072778 at *3 (Tenn. Ct. App. Oct. 22, 2007), as follows:

> As the language of the attorneys' fee provision makes clear, there is another step in the fee award analysis. Even if the trial court makes a finding of knowledge and willfulness, the statute does not require the trial court to award attorneys' fees. If the trial court makes such a finding, Tenn. Code Ann. § 10-7-505(g) provides the trial court "may, in its discretion" assess costs and fees. The decision whether or not to assess fees, after the threshold requirement is met, is still within the trial court's discretion and is therefore subject to an abuse of discretion standard of review on appeal.
>
> A trial court abuses its discretion when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining. So long as reasonable minds can disagree as to the propriety of a decision, a trial court's discretionary decision will be upheld. The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court.

*Little*, 2012 WL 4358174 at *15 (internal citations omitted).

This Court determined that the trial court abused its discretion by declining to award fees to Ms. Little, finding that the trial court did not apply the statute properly. *Id.* As we noted in our opinion, the trial court improperly focused on the amount of documents produced by the City rather than "on whether proper procedure was followed or the withholding was justified." *Id.* We therefore concluded that Ms. Little should be

-2-

compensated for her time and money expended to enforce her right to access the public documents she sought. *Id.* The case was remanded to the trial court for a determination of the amount of fees to be awarded to Ms. Little.

Following the remand, Ms. Little again filed a petition seeking an award of attorney's fees and costs. Attached to the request were affidavits from her attorneys as well as detailed billing statements. Also submitted was an affidavit from the court reporter, along with a copy of her billing statements. Ms. Little additionally attached an affidavit from attorney Ronald Wells, who opined that the amount billed by Ms. Little's counsel in this action was reasonable. The City responded, arguing that the amount of attorney's fees sought was excessive. The City took no issue with the hourly rates charged by Ms. Little's counsel or with the amount of the court reporter's charges. The City provided no countervailing proof.

The trial court considered oral argument regarding the attorney's fee issue and entered a memorandum opinion and order on March 7, 2013. The court ruled that, *inter alia*, pursuant to this Court's opinion entered in the first appeal, Ms. Little was entitled to an award of her reasonable fees incurred from July 12, 2011, the statutory deadline for the City to respond to her document requests, through March 1, 2013. The trial court noted that it also had the responsibility of making a determination regarding the reasonableness of the fees sought for the respective time period. The trial court expressed that upon considering the factors listed in Rule 8 of the Rules of the Tennessee Supreme Court, Rule of Professional Conduct 1.5, the fees sought were found to be "unreasonably large." The court compared the fees sought to those awarded in *The Tennessean v. City of Lebanon*, No. M2002-02078-COA-R3-CV, 2004 WL 290705 (Tenn. Ct. App. Feb. 13, 2004). The trial court reasoned that legal services rendered in *The Tennessean* "involved similar procedural complexities and Nashville attorneys" but that the award was only $24,000.00[1] for the trial level work. In this case, as the court acknowledged, Ms. Little sought $36,724.75 for the trial proceedings and $34,422.25 regarding the appellate work, for a total of $71,147.00,[2] an amount that the court found to be "disproportionately large."

The trial court also examined the detailed billing entries and determined that the work of attorney John Anderson was "largely duplicative" of the work performed by attorney Mark Litchford and that Mr. Litchford was responsible for the vast majority of the substantive work on the case. The court found that Mr. Anderson's billing entries were less specific than

---

[1] A review of the opinion in *The Tennessean* demonstrates that this amount was not attributable to the trial work only, but also included fees incurred on appeal. *See id.*

[2] We note that the fees and expenses sought pursuant to Ms. Little's petitions actually totaled $71,343.18.

those of Mr. Litchford and that they "reflect[ed] a supporting and mentoring role more than anything else." The court also noted that while Mr. Anderson attended all of the court hearings, Mr. Litchford "handled more of the argument and questioning of witnesses." Quoting this Court's opinion in *Alexander v. Inman*, 903 S.W.2d 686, 702 (Tenn. Ct. App. 1995), the trial court expressed that "'[u]nreasonably duplicative, unnecessary, or excessive services should never be considered in determining a reasonable attorneys' fee.'" The trial court therefore concluded that "Mr. Anderson's fees should not be included as fees recoverable from the City."

The trial court awarded Ms. Little attorney's fees of $50,284.50, representing only those fees attributable to the work of Mr. Litchford and his paralegal. Also discounted by the court were the mileage costs claimed. The award reflected a subtraction of the cost of hand delivery of appellate briefs by couriers, as well as an elimination of the cost for Mr. Anderson to attend oral argument in this Court, with the court finding those costs to be unnecessary. The court also reduced the court reporter's expenses by subtracting the cost for the court reporter to attend the hearing on the motion to amend, finding such to be unnecessary. The court accordingly awarded Ms. Little an additional $3,870.48 in court reporter fees and miscellaneous expenses. Ms. Little timely appealed the trial court's award of fees and costs.

## II. Issues Presented

Ms. Little presents the following issues for our review, which we have restated slightly:

1. Whether the trial court abused its discretion by failing to award Ms. Little all of her fees and expenses incurred in exercising her rights under the Public Records Act.

2. Whether the trial court's finding that there existed duplicative billing entries by Mr. Anderson is supported by the evidence.

3. Whether the trial court's finding that Mr. Anderson was only acting in a mentoring role is supported by the evidence.

## III. Standard of Review

As this Court stated in its opinion following the first appeal of this matter, Tennessee Code Annotated § 10-7-505(g) provides that the trial court has discretion regarding whether it will assess costs and fees in these cases once the threshold requirement of knowing and

willful conduct is met. *See Little*, 2012 WL 4358174 at *15. The trial court's decision is therefore subject to an abuse of discretion standard of review on appeal. *Id.* Our Supreme Court recently summarized the standard of review applicable to a trial court's decision regarding a reasonable attorney's fee as follows:

> [A] determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party."

*Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (internal citations omitted).

As our Supreme Court has also elucidated, "[w]hen called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations *de novo* without any presumption of correctness." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 525 (Tenn. 2010). Where no findings of fact are made, however, there is nothing in the record upon which the presumption of correctness set forth in Tennessee Rule of Appellate Procedure 13(d) can attach, and this Court will review the record *de novo* without a presumption of correctness. *Devorak v. Patterson*, 907 S.W.2d 815, 818 (Tenn. Ct. App. 1995).

## IV. Award of Attorney's Fees and Expenses

Ms. Little contends that the trial court erred in reducing the fees and expenses sought because (1) she should be fully compensated for exercising her rights under the Tennessee Open Records Act, inasmuch as this Court found that the City willfully and knowingly withheld records; (2) there was no evidence of duplicative billing entries by Mr. Anderson; and (3) there was evidence that Mr. Anderson conducted many witness examinations at trial, that he executed both opening statement and closing argument, and that he performed other individual work necessary to Ms. Little's representation. Ms. Little argues that Mr. Anderson played a "leading role" in the litigation and was not simply mentoring or supervising Mr. Litchford. She also asserts that Mr. Anderson's statements for legal services are detailed and reasonable. According to Ms. Little, the City increased the costs of the litigation by calling

ten witnesses when she was the only witness in support of her action, bringing in numerous boxes of irrelevant documents, and having four attorneys working on the City's behalf.

The City contends that the trial court possesses significant discretion in the amount of fees awarded, a contention with which we agree. The City posits that according to the statute, the trial court must determine the amount of fees that is reasonable. *See* Tenn. Code Ann. § 10-7-505(g). As argued by the City, fees exceeding $70,000 were unreasonable in this case, supporting the trial court's reduction of fees to a more reasonable amount.

As this Court has previously explained:

The Public Records Act makes it possible for a petitioner to recover the attorney fees and costs it incurs in the process of judicially compelling a governmental entity to comply with the provisions of the Act. Tenn. Code Ann. § 10-7-505(g) reads:

> If the court finds that the governmental entity, or agent thereof, refusing to disclose a record, knew that such record was public and willfully refused to disclose it, such court may, in its discretion, assess all reasonable costs involved in obtaining the record, including reasonable attorneys' fees, against the nondisclosing governmental entity.

The reason for this legislative exception to the general "American" rule that each party pays its own attorney fees is to discourage wrongful refusals to disclose public documents. *Contemporary Media Inc. v. City of Memphis*, No. 02A01-9807-CH-00211, 1999 WL 292264, at *3 (Tenn. Ct. App. May 11, 1999) (No Tenn R. App. P. 11 application filed). It also recompenses a party who has been required to expend time and money to enforce the public's right to access to public documents. *Id.* Consequently, it furthers the purpose of the Act, which is "to give the fullest possible public access to public records." Tenn. Code Ann. § 10-7-505(d).

*The Tennessean*, 2004 WL 290705 at *3.

This Court has previously explained that a party seeking attorney's fees in any case must first make out a prima facie case for a reasonable amount of fees. *See Madden Phillips Const., Inc. v. GGAT Dev. Corp.*, 315 S.W.3d 800, 830 (Tenn. Ct. App. 2009). Regarding the method by which such is accomplished, this Court has stated:

-6-

In most cases, it is not necessary for the party requesting the attorney's fees to call witnesses to testify to prove the reasonableness of the requested fees; this is because trial courts are capable of applying the relevant factors and deciding whether a requested fee is reasonable based on the court's knowledge of the case and the court's perception of the value of the services performed. Instead of calling witnesses to testify at a hearing or by deposition, the prevailing party may present the affidavit of the lawyer or lawyers who performed the work. A party opposing the request is to be afforded a fair opportunity to cross-examine the requesting party's lawyer and to present proof of its own.

The reasonableness of requested attorney's fees depends on the facts of each case. Reasonableness determinations should be guided by the applicable factors. The time expended and the hourly rate charged are two of the many factors influencing the reasonableness of a particular fee. Other factors include the nature of the services rendered, the novelty and difficulty of the issues involved, the skill required to perform the services properly, the results obtained, and the experience, skill, and reputation of the attorney performing the services.

*Metro. Gov't Of Nashville v. Brown*, No. M2008-02495-COA-R3-CV, 2009 WL 5178418 at *8 (Tenn. Ct. App. Dec. 30, 2009) (internal citations omitted).

Our Supreme Court has generally instructed that "a trial court should apply the factors set forth in RPC 1.5(a)(1)-(10) when determining a reasonable attorney's fee." *Wright*, 337 S.W.3d at 176. These factors are:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) Whether the fee is fixed or contingent;

(9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) Whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5.

Although the trial court referenced these factors in its analysis, it incorporated few specific factual findings regarding them. The trial court expressed that it had considered the factors listed, finding the fees sought to be "unreasonably large." When the trial court compared the instant fees sought to those awarded in *The Tennessean*, 2004 WL 290705, it found the present attorney's fees requested to be "disproportionately" large. The trial court reasoned that *The Tennessean* "involved similar procedural complexities and Nashville attorneys" but resulted in an award of only $24,000.00. On this matter, the trial court ostensibly made a factual finding regarding factor number three, the fee customarily charged in the locality for similar legal services. Upon careful review, we determine this finding to be unsupported by the evidence. There was no showing that these cases necessarily involved similar services, rates, or locale.

The record reflects that the trial court made a factual finding regarding factor number one, at least regarding the time and labor required. As previously explained, the trial court quoted from this Court's opinion in *Alexander*, 903 S.W.2d at 702, stating that "'[u]nreasonably duplicative, unnecessary, or excessive services should never be considered in determining a reasonable attorneys' fee.'" The court noted that in *Alexander*, three attorneys represented Ms. Inman during the three-day divorce trial, with each attorney billing 33.8 hours for services rendered even though only two of them were actively involved in the trial. *See id.* The court also relayed that the three attorneys recorded over 131 hours for telephone calls and conferences among themselves. *See id.* In *Alexander*, this Court determined that the evidence produced from the attorney's time records and reflected in chart form should have been admitted at trial because "[t]he jury could have concluded from the excluded evidence that portions of the legal services Ms. Inman received were not required and, therefore, that her attorneys' final fee was not reasonable." *Id.* In the case at bar, the trial court concluded, "[c]onsidering the skepticism of the Court of Appeals' analysis in *Alexander*, as well as the court opinions of other jurisdictions on the matter, the court finds

Mr. Anderson's fees should not be included as fees recoverable from the City."[3] Accordingly, the trial court awarded Ms. Little attorney's fees in the amount of $50,284.50, representing only those fees attributable to the legal services of Mr. Litchford and his paralegal.

Concerning the remaining eight factors elucidated by Rule of Professional Conduct 1.5, the trial court made no factual findings. Hence, this Court must review the record *de novo* without a presumption of correctness regarding those factors to determine where the preponderance of the evidence lies. *See Devorak*, 907 S.W.2d at 818. The City argues that close examination of the billing entries reveals evidence that Mr. Anderson's efforts were duplicative and unnecessary. We disagree. What the entries, in fact, demonstrate is that Mr. Anderson and Mr. Litchfield billed for instances when they conferred to discuss the litigation or both met with the client. Also reflected are occasions when Mr. Litchford drafted documents subsequently reviewed by Mr. Anderson. None of the services examined appear to be actual duplication of efforts. The evidence instead preponderates in favor of a determination that the two attorneys worked together on the same case. There is a dearth of evidence that Mr. Anderson was acting in a mere "supporting and mentoring role" in the preparation of Ms. Little's case for trial.

Further, a thorough review of the trial transcript demonstrates that during the trial of this matter, Mr. Anderson presented the opening statement to the court. He also performed the examination of Ms. Little, who was the sole witness called on behalf of the plaintiff's case. Mr. Anderson cross-examined four of the ten witnesses called to testify on behalf of the City. Ergo, we conclude that the trial court's characterization of Mr. Anderson's presence at the trial as reflecting a "supporting and mentoring role" is also without basis in fact. The evidence preponderates against the trial court's finding regarding factor number one, the time and labor required.

Factor one also contemplates an analysis regarding the novelty and difficulty of the questions involved, as well as the skill requisite to perform the legal services properly. Tenn. Sup. Ct. R. 8, RPC 1.5. According to Mr. Anderson's affidavit, the prosecution of the instant action "required a significant amount of time and skill, as the City had very competent counsel, the lawsuit presented numerous complex legal and factual issues, and nearly all

---

[3] The trial court's reliance on *Alexander* is misplaced. First, *Alexander* involved an evidentiary question regarding proof presented in a trial for breach of a fee agreement. *See* 903 S.W.2d at 702. Second, *Alexander's* focus on the individual attorneys' time expended was called into question by our Supreme Court following the second appeal in that case, wherein the Court found the fee agreement to be reasonable and disregarded the allegations of duplicative services. *See Alexander v. Inman*, 974 S.W.2d 689, 696 n.7 (Tenn. 1998).

issues were highly contested between the parties." Mr. Anderson also asserted that the attorneys who performed work in this matter for Ms. Little were competent in their areas of practice. This proof was supported by the affidavit of Mr. Wells, who favorably opined regarding the competency of Ms. Little's counsel. The City provided no countervailing proof concerning this factor.

With respect to factor two, the extent to which the acceptance of employment for Ms. Little would preclude her counsel from taking other employment, Mr. Anderson stated that at the onset of his firm's representation of Ms. Little, it was "made apparent to [Ms. Little] that [the firm's] representation would involve a significant amount of [the firm's] time" and would preclude the firm's ability to accept other employment opportunities. As factor three addresses the fee customarily charged in the locality for similar services, both Mr. Anderson and Mr. Wells stated that the fees charged were reasonable and customary for litigation of this nature. Again, there was no countervailing proof presented with regard to these factors.

Factor four addresses the amount involved and the results obtained. In this action, no damage award was granted, but Ms. Little did obtain the documents she requested with the assistance of her attorneys. Factor five, regarding time limitations, is largely immaterial in this case. Factor six relates to the nature and length of the professional relationship between Ms. Little and her attorneys. Ms. Little has been represented by the same attorneys since the onset of this litigation in 2011.

Regarding factor seven, both Mr. Anderson and Mr. Wells proffered that Ms. Little's attorneys were highly regarded. This proof is not contradicted. As concerning factor eight, the fees charged in this matter were not contingent; rather, they were based on fixed hourly rates. Concerning factor nine dealing with prior statements or advertisements by the attorney regarding fees, Mr. Anderson stated that no such prior statements were made. Finally, the record is silent regarding whether the fee agreement was in writing.

Our *de novo* review of the evidence in the record in relation to the above factors supports the conclusion that the trial court erred in this matter by finding Mr. Anderson's fees to be unreasonable and failing to grant a respective award in favor of Ms. Little. We find that the trial court "based its decision on a clearly erroneous assessment of the evidence." *Wright*, 337 S.W.3d at 176. There was no proof that Mr. Anderson's services were unnecessary or duplicative. Further, the purpose behind the fee-shifting provision in the Public Records Act is to "recompense[] a party who has been required to expend time and money to enforce the public's right to access to public documents" and "further[] the purpose of the Act, which is 'to give the fullest possible public access to public records.'" *The Tennessean*, 2004 WL 290705 at *3 (quoting Tenn. Code Ann. § 10-7-505(d)). Ms. Little should not be required to bear the cost of reasonable fees incurred to enforce her access to

public documents, and she should have been awarded all of the fees sought. *See id.*

The trial court also discounted certain costs requested by Ms. Little. The court reduced the total mileage costs claimed by eliminating the expense of hand-delivery of appellate briefs by couriers, as well as the cost for Mr. Anderson to attend oral argument in this Court, finding those costs to be unnecessary. The court also reduced the claimed court reporter's expenses by subtracting the cost for the court reporter to attend the hearing on the motion to amend.

We note that these costs were not challenged by the City at the trial court level. In fact, the City's response to the petition for fees and costs states: "the Defendant City does not object to the court reporter bills" and further raises no issues with regard to mileage charges. Although the trial court clearly has discretion to review the reasonableness of such charges, the only proof in the record on this issue were the affidavits of Mr. Anderson and Connie Carpenter, the court reporter, stating that the claimed expenses were reasonable. Therefore, the trial court's determination that these expenses were unnecessary has no basis in fact. We conclude that the trial court should have awarded Ms. Little all of her reasonable fees and expenses requested, for a total of $71,343.18.[4]

## V. Conclusion

We reverse the trial court's award and remand with instructions to the trial court to enter an award for attorney's fees and expenses in favor of Ms. Little in the amount of $71,343.18 and for collection of costs below. Costs on appeal are taxed to appellee, the City of Chattanooga.

_____
THOMAS R. FRIERSON, II, JUDGE

---

[4] We note the principle stated in *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 411 (Tenn. 2006), regarding the award of attorney's fees incurred on appeal. We find no reason to address it in this action, however, because the issue was never raised by the parties at the trial court level or in this appeal.