IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2020

## JULIE (CARDEN) SEXTON v. JASON VINCENT CARDEN

**Appeal from the Circuit Court for Hamilton County
No. 09D2431 Ward Jeffrey Hollingsworth, Judge**

———————————————————

**No. E2019-01057-COA-R3-CV**

———————————————————

This appeal concerns the trial court's award of attorney fees. The ex-husband appeals. Upon a thorough review of the record, we discern no error and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Alan R. Beard, Chattanooga, Tennessee, for the appellant, Jason Vincent Carden.

Harold L. North, Jr. and Nathan L. Kinard, Chattanooga, Tennessee, for the appellee, Julie (Carden) Sexton.

## OPINION

## I. BACKGROUND

The parties, Julie (Carden) Sexton and Jason Vincent Carden, filed for divorce on December 22, 2009. An agreed parenting plan, entered into on March 25, 2010, awarded them joint custody of their two sons.

Three years later, Ms. Sexton filed a petition to modify the parenting plan and for payment of the child support arrearage. The following year, the trial court entered an order making Ms. Sexton the primary residential parent and resolving several child support issues.

In September 2014, an order of protection was entered against Mr. Carden and his parenting time was restricted. Some supervised parenting time was permitted. From October 2015 until November 2016, Mr. Carden had no parenting time. In December 2016, the trial court allowed Mr. Carden to have two hours of supervised parenting time per week and increased his child support.

On November 30, 2017, the trial court ordered that a plan be put in place to "phase out" the supervision of Mr. Carden's time with the children. At the hearing, both parties orally moved for award of their attorney fees. The trial court's subsequent order, however, did not resolve the attorney fees issue. The parties began filing requests for their fees, along with supporting affidavits and billing records:

> • December 6, 2017: Ms. Sexton's motion to alter or amend, seeking the court's determination as to the prevailing party.
> • December 14, 2017: Mr. Carden's motion to alter or amend, seeking the court's determination as to the prevailing party.
> • December 19, 2017: Ms. Sexton's amended motion to alter or amend, seeking attorney fees and discretionary costs.
> • February 2, 2018: Ms. Sexton's billing records and affidavit supporting the fee request, concerning activities between September 8, 2017, and January 29, 2018.
> • February 6, 2018: Mr. Carden's billing records and affidavit supporting the fee request, concerning activities between December 13, 2015, and January 29, 2018.
> • February 14, 2018: Ms. Sexton's amended billing records and affidavit, concerning activities from March 9, 2016 through January 29, 2018.
> • March 1, 2018: Mr. Carden's amended billing records and affidavit, concerning activities between September 20, 2016 through February 21, 2018.

On March 12, 2018, the trial court ruled that Ms. Sexton was the prevailing party:

> The Court adopted, to a great degree, [Ms. Sexton's] Plan. . . . Although [Mr. Carden] has gotten additional parenting time, it cannot be said that he prevailed over [Ms. Sexton's] position. Since the Order of December, 2016 was entered, she did not oppose parenting time for [Mr. Carden]. She asked that the parenting time be supervised. Later, she asked that the supervision be "phased out." That is exactly what the Court ordered.

The court's order, however, did not address the amount of fees to be awarded. Ms. Sexton

and Mr. Carden filed additional supporting documents:

> • May 24, 2018: Ms. Sexton's motion for approval of fees, and supporting affidavit and billing records, concerning activities from March 9, 2016 through March 14, 2018.
> • June 29, 2018: Mr. Carden's response to Ms. Sexton's fee request.
> • April 12, 2019: Ms. Sexton's memorandum in support of her request for fees.
> • April 12, 2019: Mr. Carden's response.
> • April 16, 2019: Ms. Sexton's reply.
> • April 25, 2019: Mr. Carden's sur-response, including over 130 pages of text messages, emails, and letters as exhibits.
> • April 29, 2019: Ms. Sexton's sur-reply.[1]

On May 14, 2019, the court granted Ms. Sexton's request for $26,680 in fees and costs. The trial court specifically noted that Mr. Carden was still trying to get his attorney fees "even though the Court has explicitly ruled he is not the prevailing party." The court determined that the hourly rates requested by Ms. Sexton's counsel were reasonable, there was a written fee agreement, no duplication of work had occurred, much of the work was actually done by a paralegal, and the work done was necessary to litigate the issues. Pursuant to the factors in Rule 1.5 of the Rules of Professional Conduct, the court analyzed Ms. Sexton's billing records and found that the requested amount was reasonable and necessary.[2] On June 14, 2019, Mr. Carden filed a timely notice of appeal.

## II. ISSUES

We restate the issues raised on appeal by Mr. Carden as follows:

> A. Whether the trial court abused its discretion in finding that Ms. Sexton was the prevailing party under Tennessee Code Annotated section 36-5-103(c).
>
> B. Whether the trial court abused its discretion in determining the amount of fees to be awarded to Ms. Sexton pursuant to Tennessee Code Annotated section 36-5-103(c).

---

[1]Ms. Sexton contends and the record shows that, throughout this litigation, Mr. Carden's monthly adjusted gross income has been thousands more than Ms. Sexton's: (Dec. 2009, $2075 difference); (July 2014, $3457 difference); (Dec. 2016, $3234 difference); (July 2019, $2763 difference).

[2]The trial court's order stated at the end that "a judgment issue … in the amount of $26,860." Ms. Sexton only requested $26,680, and the trial court correctly noted as much elsewhere in its order. The reference to "$26,860" was clearly a typographical error.

## III. STANDARD OF REVIEW

The award of attorney fees is largely in the discretion of the trial court; we will not interfere except upon a clear showing of abuse of that discretion. *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995). To determine whether a decision constitutes an abuse of discretion, we review the trial court's decision to ascertain: "(1) whether the factual basis of the decision is supported by sufficient evidence; (2) whether the trial court has correctly identified and properly applied the applicable legal principles; and (3) whether the trial court's decision is within the range of acceptable alternatives." *Gooding v. Gooding*, 477 S.W.3d 774, 780 (Tenn. Ct. App. 2015). We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010).

## IV. DISCUSSION

### A.

Mr. Carden contends that Ms. Sexton cannot be the prevailing party for three reasons: (1) he, instead, prevailed; (2) he cannot afford to pay the attorney fee awarded; and (3) Ms. Sexton has not established that she cannot afford to pay her attorney fees.

The applicable statute, Tennessee Code Annotated section 36-5-103(c), now reads:

> A prevailing party may recover reasonable attorney's fees, which may be fixed and allowed in the court's discretion, from the non-prevailing party in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing.

Until July 1, 2018, this subsection read differently:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent

- 4 -

> hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

Tenn. Code Ann. § 36-5-103(c) (2017). *See* 2018 Pub. Acts, c. 905, § 1. Because this litigation began prior to the change in the wording of the subsection, we apply the earlier version.

The statute authorizes an award of attorney fees "incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties." *Vlach v. Vlach*, 556 S.W.3d 219, 226-27 (Tenn. Ct. App. 2017). Our state's courts "have recognized that the decision to grant attorney's fees under section 36-5-103(c) is largely within the discretion of the trial court and that, absent an abuse of discretion, appellate courts will not interfere with the trial court's finding." *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (citing *Keyt v. Keyt*, 244 S.W.3d 321, 334 (Tenn. 2007)). A court may find a litigant to be a "prevailing party" if she succeeds "on any significant issue in litigation." *Fannon v. City of LaFollette*, 329 S.W.3d 418, 431 (Tenn. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

As noted by Ms. Sexton, contrary to Mr. Carden's claim, he did not begin this action "with absolutely no parenting time." Mr. Carden had equal parenting time until Ms. Sexton successfully sought to end his parenting time (and contact with the children) for a lengthy period. Over the period of time that Mr. Carden's parenting time was increased, Ms. Sexton did not oppose the action. She also successfully recovered thousands of dollars in child support arrearages, wage assignments, and changes in child support.

Mr. Carden maintains that he prevailed to some degree and that Ms. Sexton should not be declared the "prevailing party" under section 103(c). We must agree with the trial court that despite the fact that he had "some success," Mr. Carden is not the prevailing party. As noted by the Tennessee Supreme Court, "a prevailing party is one who has succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Fannon*, 329 S.W.2d at 431 (citing *Hensley*, 461 U.S. at 433). Thus, Ms. Sexton was not required to prevail on every issue raised in the litigation in order to be deemed the prevailing party. As Ms. Sexton succeeded on numerous issues in this litigation, the trial court did not abuse its discretion in finding in her favor. The cases cited by Mr. Carden are insufficient to persuade this court to interfere with a matter committed to the trial court's discretion.

Mr. Carden contends that a trial court is prevented from finding that one party "prevail[ed]" under section 103(c) if the losing party *cannot* pay an award. Further, he questions whether a trial court is prevented from finding that one party "prevail[ed]" under section 103(c) if the *winning* party *can* pay her attorneys.

- 5 -

We have explained as follows regarding attorney fees under the statute:

> Although not controlling, in awarding attorney's fees pursuant to section 36-5-103(c), a trial court may consider proof of a party's inability to pay such fees and whether one party is at an economic disadvantage in comparison to the other. We have stressed, however, that the purpose of requiring a non-custodial parent to pay attorney fees is to protect the legal remedies of the child, not the parent.

*State ex rel. Groesse v. Sumner*, 582 S.W.3d 241, 268-69 (Tenn. Ct. App. 2019) (internal citations, alterations, and quotation marks omitted) (quoting *In re Jasmine G.*, No. M2015-01125-COA-R3-JV, 2016 WL 1072847, at *5 (Tenn. Ct. App. Mar. 16, 2016)). In determining whether to award fees we consider "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered." *Spigner v. Spigner*, No. E2013-02696-COA-R3-CV, 2014 WL 6882280, at *13 (Tenn. Ct. App. Dec. 8, 2014) (quoting *Parris v. Parris*, No. M2006-02068-COA-R3-CV, 2007 WL 2713723, at *13 (Tenn. Ct. App. Sept. 18, 2007)).

We have previously held that "a parent's inability to pay fees may be a bar to recovery of attorney's fees with regard to litigation concerning alimony, but 'not in regard to child custody and child support.'" *Hopwood v. Hopwood*, No. M2015-01010-COA-R3-CV, 2016 WL 3537467, at *15 (Tenn. Ct. App. June 23, 2016) (quoting *Dalton v. Dalton*, 858 S.W.2d 324, 327 (Tenn. Ct. App. 1993)). This court has additionally observed that "ability to pay should not be the controlling consideration with regard to awards for legal expenses in custody or support proceedings." *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992). The *Sherrod* Court reminded us that a focus on the parents' finances is inappropriate: "The purpose of these awards is to protect the children's, not the custodial parent's, legal remedies." *Id.*, 849 S.W.2d at 785. The cases cited by Mr. Carden are distinguishable.

As noted above, Ms. Sexton was successful in her litigation with Mr. Carden. The evidence demonstrates that Mr. Carden can better afford to pay the award than Ms. Sexton can. A review of the record reveals that Mr. Carden's current adjusted gross income is fifty percent more than Ms. Sexton's. Throughout the time span of this litigation, Mr. Carden has enjoyed significantly greater resources than Ms. Sexton does.

The trial court reviewed the case and the detailed billing records supporting Ms. Sexton's request for attorney fees. It evaluated the request pursuant to Rule 1.5 of the Rules of Professional Conduct, as is appropriate. *See Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 177 (Tenn. 2011). The court concluded that Ms. Sexton's requested fees were

"reasonable and necessary." Mr. Carden has made no argument that the trial court improperly weighed any of the factors under Rule 1.5, has provided no expert affidavit to the court contending that Ms. Sexton's bills were excessive, and has not identified any work that should not have been performed. The trial court properly found that the work billed was "necessary to prepare and litigate the issues in this case." As our Supreme Court has explained:

> The trial court's determination of reasonable attorney's fee is "a subjective judgment based on evidence and the experience of the trier of facts," and Tennessee has "no fixed mathematical rule" for determining what a reasonable fee is. Accordingly, a determination for attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court . . .

*Wright*, 337 S.W.3d at 176 (internal citations omitted). Upon our review of the record, we conclude that the trial court did not abuse its discretion with its award of attorney fees to Ms. Sexton.

B.

Mr. Carden requests his own "discretionary costs and attorney fees (including on appeal)," for "all attorney's fees already paid by the Appellant during the pendency of this action," and for "General Relief." However, these requests were not presented in the statement of issues or supported by argument in the brief. A request for attorney fees is waived if not included in the statement of issues. *See Keeble v. Keeble*, No. E2019-01168-COA-R3-CV, 2020 WL 2897277, at *4 (Tenn. Ct. App. June 3, 2020) (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 410-11 (Tenn. 2006)). Mr. Carden's requests for fees and costs and "General Relief" are likewise waived in the absence of supporting argument and authorities. *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

C.

Ms. Sexton properly raised the issue of attorney fees on appeal in her brief's statement of the issues. Tennessee Code Annotated section 36-5-103(c) authorizes awards

of attorney fees incurred on appeal. *Henderson v. Henderson*, No. M2013-01879-COA-R3-CV, 2014 WL 4725155, at *12 (Tenn. Ct. App. Sept. 23, 2014). We consider the following factors in our decision to award fees: (1) the requesting party's ability to pay the accrued fees; (2) the requesting party's success in the appeal; (3) whether the requesting party sought the appeal in good faith; and (4) any other relevant equitable factors. *Hill v. Hill*, No. M2006-02753-COA-R3-CV, 2007 WL 4404097, at *6 (Tenn. Ct. App. Dec. 17, 2007).

We find that in light of the issues involved in this litigation, the financial positions of the parties, and the resolution of the appellate issues, the award of Ms. Sexton's reasonable appellate attorney fees is appropriate. We remand the case to the trial court for a determination of the appropriate amount of those fees.

## V. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court, award Ms. Sexton her attorney fees incurred in this appeal, and remand the case to the trial court to determine the appropriate amount of Ms. Sexton's reasonable attorney fees on appeal. Costs of the appeal are assessed against the appellant, Jason Vincent Carden.

_____
JOHN W. MCCLARTY, JUDGE