IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2024

**DOROTHY SMALL ET AL. V. JON LAW ET AL.**

**Appeal from the Circuit Court for Lincoln County**
**No. 23-CV-132      M. Wyatt Burk, Judge**

————————————————————

**No. M2024-00255-COA-R3-CV**

————————————————————

This began as an immediate appeal of an order dismissing a suit under the Tennessee Public Participation Act. After the plaintiffs voluntarily dismissed the appeal, the only issue that remains is the request of the defendants, now proceeding as appellants, for an award of attorney's fees, costs, and expenses incurred on appeal. Because an award is mandatory, we grant the request and remand to the trial court to determine the amount.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded to the Circuit Court for Lincoln County**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

Daniel A. Horwitz, Lindsay Smith, Melissa K. Dix, and David L. Raybin, Nashville, Tennessee, for the appellants, Jon Law and Tina Marie Sanders.

Stephen W. Elliott, Nashville, Tennessee, for the appellees, Tonya Marie Allen, Roger Martinez, and Dorothy Small.

**MEMORANDUM OPINION[1]**

In October 2023, three City of Fayetteville Aldermen, Dorothy Small, Tonya Allen, and Roger Martinez, sued two Fayetteville residents for invasion of privacy. The residents, Jon Law and Tina Sanders, responded by filing a petition to dismiss under the Tennessee Public Participation Act ("TPPA"). *See* Tenn. Code Ann. § 20-17-104 (2022).

---

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

After the trial court granted the petition to dismiss, the Aldermen sought an immediate appeal as of right. *See id.* § 20-17-106 (2022). Later they moved to voluntarily dismiss their appeal. *See* TENN. R. APP. P. 15(a). Mr. Law and Ms. Sanders responded to the motion stating their intention to litigate the question of attorney's fees, costs, and expenses incurred on appeal.[2] *See id.* We dismissed the Aldermen's appeal and ordered the case to proceed solely on the request of Mr. Law and Ms. Sanders for fees, costs, and expenses. And we designated Mr. Law and Ms. Sanders as the appellants going forward.

If a court dismisses a petition under the TPPA, the statute provides that the court "shall award" the petitioner "[c]ourt costs, reasonable attorney's fees, discretionary costs, and other expenses incurred in filing and prevailing upon the petition." Tenn. Code Ann. § 20-17-107(a) (2022). We have interpreted that language as authorizing "an award of reasonable attorney's fees incurred on appeal" as well as at those incurred in the trial court. *Nandigam Neurology, PLC v. Beavers*, 639 S.W.3d 651, 670 (Tenn. Ct. App. 2021). The party seeking fees, costs, or expenses need only present a request to the appellate court. *Charles v. McQueen*, No. M2021-00878-SC-R11-CV, 2024 WL 3286527, at *15 (Tenn. July 3, 2024) (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 410-11 (Tenn. 2006)). For their part, the Aldermen acknowledge that Mr. Law and Ms. Sanders are entitled to an award of attorney's fees; the Aldermen reserve only the right to question the reasonableness of the fees that may be sought.

We grant the request of Mr. Law and Ms. Sanders for attorney's fees, costs, and expenses incurred on appeal. We remand for the trial court to determine the appropriate amount. *See Killingsworth*, 205 S.W.3d at 411 n.2.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[2] Mr. Law and Ms. Sanders also expressed their intention to litigate the trial court's denial of their request for sanctions. *See* Tenn. Code Ann. § 20-17-107(a)(2). But they acknowledge that this Court lacks jurisdiction to review that issue because the trial court has not entered a final judgment in the underlying action.