# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 23, 2014 at Knoxville

## TIFFANY DAVIS v. BRENDA JONES, WARDEN

**Appeal from the Circuit Court for Marshall County**
**No. 2013-CV-107      Forest A. Durard, Judge**

**No. M2014-00386-CCA-R3-HC - Filed July 30, 2014**

The petitioner, Tiffany Davis, appeals the Marshall County Circuit Court's dismissal of her petition for writ of habeas corpus. In the petition, she challenged her Marshall County drug convictions, which had resulted in an effective sentence of 30 years in the Department of Correction. Because we agree with the habeas corpus court that the petitioner's claims of double jeopardy violations and ineffective assistance of counsel do not render her convictions void, we affirm that court's dismissal of the petition.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, J., and JOE H. WALKER, III, SP. J., joined.

Tiffany Davis, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie Price, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted of multiple counts of selling drugs. *See State v. Tiffany Davis*, No. M2010-01779-CCA-R3-CD (Tenn. Crim. App., Nashville, Apr. 10, 2012). Some of the counts were alternative counts – some alleging the sale of drugs with corresponding counts alleging delivery of the same drugs. She posited in her petition for habeas corpus relief that the jury's guilty verdicts on these counts violated double jeopardy principles and that her trial attorney was ineffective for allowing such to occur. The habeas corpus court held that no double jeopardy issue was implicated because the trial court merged the corresponding verdicts. The court also concluded that the petitioner was entitled to no relief upon the claim of ineffective assistance of counsel. On appeal, the petitioner advances

the claim of double jeopardy violations relative to both corresponding counts of the sale and delivery of drugs and to corresponding counts of the sale of, and conspiracy to sell, drugs.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, see U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, see *Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint ." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; State v. Galloway, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn.1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn*. 1993); see State ex rel. Anglin v. Mitchell, 575 S.W.2d 284, 287 (Tenn. 1979);* Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The bases for denying habeas corpus relief in this case are multi-layered. First, the petitioner did not file the petition in the court "most convenient in point of distance" to the petitioner, as is required by statute. *See* T.C.A. § 29-21-105. The petitioner was convicted in Marshall County, and according to the petition, she is incarcerated in Shelby County. The petition expressed no basis for not following the dictate of Code section 29-21-105.

Second, a violation of principles of double jeopardy does not render a conviction void and, accordingly, occasions no cause for habeas corpus relief. *See Joseph L. Coleman v. State*, No. W2013-00884-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App., Jackson, Nov. 25, 2013) ("We reiterate that a double jeopardy claim does not render a judgment void, and thus is not a cognizable claim for which habeas corpus relief can be granted."); *Anton Carlton v. State*, No. W2012-02449-CCA-R3-HC, slip op. at 4 (Tenn.

Crim. App., Nashville, July 11, 2013) ("Even if this [double jeopardy] claim had some viability, however, it is not cognizable in a habeas corpus proceeding; a conviction that runs afoul of double jeopardy principles is not void and is not subject to habeas corpus relief."). The same must be said for a claim of ineffective assistance of trial counsel. *Michael Aaron Pounds v. Roland Colson, Warden*, No. M2012-02254-CCA-R3-HC, slip. op. at 5 (Tenn. Crim. App., Nashville, Nov. 12, 2013) ("[T]he petitioner's claim of ineffective assistance of counsel, even if true, would render his judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief.").

Third, the petitioner's claims of violations of double jeopardy principles related to the alternate charges of drug selling and delivering have no merit in law. Copies of the petitioner's conviction judgments appended to her petition show that the corresponding verdicts of selling and delivering drugs were properly merged in each pairing into a single conviction for the stated offense date. This procedure cures duplicitous charges from ripening into double jeopardy violations. *State v. Addison*, 973 S.W.2d 260, 267 (Tenn. Crim. App. 1997) (holding that merger of guilty verdicts of premeditated murder and felony murder that related to the same homicide "protects against double jeopardy and preserves the validity of the jury verdicts for future avoidance of problems related to unnecessarily dismissed 'charges' or 'convictions'").

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE