IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 3, 2015

## JONATHAN DAVIS v. JAMES M. HOLLOWAY, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6812     Joseph H. Walker, Judge**

———————————

**No. W2015-00650-CCA-R3-HC  -  Filed November 18, 2015**

———————————

The petitioner, Jonathan Davis, appeals the summary dismissal of his second petition for writ of habeas corpus, which petition challenged his Maury County Circuit Court jury conviction of attempted aggravated robbery.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Jonathan Davis, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

A Maury County Circuit Court jury convicted the petitioner of two counts of felony murder and attempted aggravated robbery, and this court affirmed the convictions on direct appeal.  *See State v. William Edward Watkins and Jonathan Davis*, No. 01C01-9701-CC-00004 (Tenn. Crim. App., Nashville, Dec. 12, 1997), *perm. app. denied* (Tenn. Sept. 21, 1998) (*Davis I*).  This court also affirmed the denial of the petitioner's bid for post-conviction relief, *see Jonathan Davis v. State*, No. M2000-01158-CCA-R3-PC (Tenn. Crim. App., Nashville, Aug. 16, 2001), *perm. app. denied* (Tenn. Dec. 10, 2001) (*Davis II*), and the summary dismissal of his first petition for writ of habeas corpus, *see Jonathan Davis v. Jim Morrow, Warden*, No. E2010-00396-CCA-R3-HC (Tenn. Crim. App., Knoxville, July 19, 2010) (*Davis III*).

In March 2015, the petitioner filed the petition for writ of habeas corpus at issue in this opinion.  The petitioner claimed that "his judgment for aggravated robbery is

void and his sentence illegal" because the jury convicted him of aggravated robbery instead of the charged offense of attempted aggravated robbery, because the trial court ordered the sentence imposed for the "aggravated robbery" conviction to be served consecutively to the life sentences imposed for the felony murder convictions "even though Count 1 occurred first chronologically," and because the Department of Correction "altered the order of service of these charges, placing Count 1 to be served before Counts 2 and 3." The habeas corpus court summarily dismissed the petition, finding that the record clearly established that the petitioner was convicted of and sentenced for attempted aggravated robbery and that the petitioner's remaining claims were not cognizable in a habeas corpus proceeding.

In this timely appeal, the petitioner contends that the habeas corpus court erred by summarily dismissing his petition. He reiterates his claims that the jury impermissibly convicted him of aggravated robbery when he was only charged with attempted aggravated robbery and that the trial court impermissibly "altered" the judgment forms to comport with the indictment. The State asserts summary dismissal was appropriate because the record belies the petitioner's claim. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S. W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Despite the petitioner's protestations to the contrary, the record clearly and unequivocally establishes that he was charged with and convicted of attempted aggravated robbery and that the trial court imposed a three-year sentence for this offense. Indeed, as the State points out, on direct appeal of his first petition for writ of habeas corpus, the petitioner conceded "that he was, in fact, convicted of attempted aggravated robbery at trial." *Davis III*, slip op. 3. The remaining claims are not cognizable in a habeas corpus proceeding.

Accordingly, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE