IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 5, 2016

## ALICIA WILLIAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County
No. P40870    James M. Lammey, Jr., Judge**

_____

**No. W2015-00539-CCA-R3-HC  -  Filed February 22, 2016**

_____

The petitioner, Alicia Williams, appeals the summary dismissal of her petition for writ of habeas corpus, which petition challenged her 2012 Shelby County Criminal Court guilty-pleaded conviction of second degree murder.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Alicia Williams, Memphis, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Andrew C. Coulam, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, originally charged with first degree murder, pleaded guilty on March 8, 2012, to one count of second degree murder in exchange for a 20-year sentence.  She did not perfect a direct appeal, and it does not appear that she filed a petition for post-conviction relief.  On January 6, 2015, the petitioner filed a petition for writ of habeas corpus, alleging that her guilty plea was not knowingly and voluntarily entered because her counsel failed to inform her that the 20-year sentence imposed for her second degree murder conviction had to be served at 100 percent by operation of law.  The habeas corpus court summarily dismissed her petition, concluding that the petition failed to satisfy the statutory requirements for filing a petition for writ of habeas corpus and that the petitioner had failed to state a cognizable claim for habeas corpus relief.

In this appeal, the petitioner argues that the habeas corpus court erred by summarily dismissing her petition, reiterating her claims that her counsel misled her to

believe that she would only be required to serve 85 percent of her 20-year sentence, that counsel's misrepresentation rendered her plea unknowing and involuntary, and that, as a result, the 20-year sentence is illegal. The State asserts that the habeas corpus court properly dismissed the petition for failure to state a cognizable claim for habeas corpus relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S. W.2d 284, 287 (Tenn.1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Because the petitioner's claim of ineffective assistance of counsel would, at most, render her judgment voidable rather than void, that claim is not a cognizable claim for habeas corpus relief. *See Passarella*, 891 S.W.2d at 627; *see also, e.g.*, *Michael Aaron Pounds v. Roland Colson, Warden*, No. M2012-02254-CCA-R3-HC, slip op. at 5 (Tenn. Crim. App., Nashville, Nov. 12, 2013) ("[T]he petitioner's claim of ineffective assistance of counsel, even if true, would render his judgment voidable rather than void; therefore, such an allegation is not a cognizable claim for habeas corpus relief."). Similarly, her claim that her guilty plea was unknowing and involuntary is not a cognizable ground for habeas corpus relief. *See Archer*, 851 S.W.2d at 163. Finally, the petitioner's sentence of 20 years to be served at 100 percent does not contravene any statute and is not, therefore, an illegal sentence.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE