

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 23, 2017 at Knoxville

## ORLANDO MALONE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County
No. 15873     Russell Parkes, Judge**

### No. M2016-01464-CCA-R3-HC

The petitioner, Orlando Malone, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his 1999 Bradley County Criminal Court jury convictions of attempted especially aggravated robbery and aggravated robbery. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Orlando Malone, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Sophia Lee, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

A Bradley County Criminal Court jury convicted the petitioner of "the first degree felony murder of [Kenneth] Blair, two counts of the attempted especially aggravated robbery of [Marcus] Williams and [Charles] Massingill, and one count of the aggravated robbery of [Eric] Binion" following a confrontation that began when Mr. Williams denied that he had change when the petitioner asked if he had change for a $50 bill. *Orlando Malone v. State*, No. E2003-02095-CCA-R3-PC, (Tenn. Crim. App., Knoxville, June 24, 2004) (*Malone II*). This court affirmed the petitioner's convictions on direct appeal, *see State v. Malone*, No. E1999-01347-CCA-R3-CD (Tenn. Crim. App., Knoxville, May 26, 2000) (*Malone I*), as well as the denial of his petition for post-conviction relief, *see Malone II*.

The petitioner filed unsuccessful petitions for writ of habeas corpus in Johnson County and Bledsoe County before filing the petition that is the subject of this appeal, his third petition for writ of habeas corpus. In his petition, the petitioner alleged deficiencies in those counts of the indictment charging him with especially aggravated robbery and aggravated robbery. He alleged that those deficiencies led to a fatal variance at trial that resulted in a violation of double jeopardy principles. He claimed that he was improperly convicted of more than one offense for what was, essentially, a single criminal transaction. The habeas corpus court summarily dismissed the petition, finding that the petitioner failed to comply with the mandatory statutory requirements for filing a petition for writ of habeas corpus and that the petitioner had failed to state a cognizable ground for habeas corpus relief.

In this appeal, the petitioner asserts that the habeas corpus court erred by summarily dismissing his petition.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

As the State correctly points out, the petitioner failed to comply with the statutory requirement that he file with this, his third petition for writ of habeas corpus, copies of the previous petitions and the "proceedings thereon" and has failed to give "satisfactory reasons . . . for the failure so to do." T.C.A. § 29-21-107(b)(4). The

petitioner appended to his petition a copy of his first petition for writ of habeas corpus, which was filed in Johnson County, and a copy of the order denying his second petition for writ of habeas corpus, which was filed in Bledsoe County. He did not provide a copy of the order disposing of his Johnson County petition or a copy of his Bledsoe County petition. Summary dismissal would have been appropriate on this basis alone.

Additionally, the petitioner's claims that there was a fatal variance between the indictment and the proof at trial and that his being charged with more than one theft-related offense violated principles of double jeopardy are not cognizable grounds for habeas corpus relief.

Accordingly, the judgment of the habeas corpus court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE