FILED

06/05/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2017

## RATHAL Y. PERKINS v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
No. 00256162     Steve Dozier, Judge

---

### No. M2016-02047-CCA-R3-HC

---

The petitioner, Rathal Y. Perkins, appeals the summary dismissal of his petition for writ of habeas corpus, which challenged his 1995 Haywood County Circuit Court jury conviction of first degree murder.  Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Rathal Y. Perkins, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

A Haywood County Circuit Court jury convicted the petitioner of first degree premeditated murder in the shooting death of the victim, Denoatus Murphy, and this court affirmed the conviction and accompanying sentence of life imprisonment on direct appeal.  *See State v. Rathal Perkins*, No. 02C01-9708-CC-00325 (Tenn. Crim. App., Jackson, Dec. 10, 1998).

On August 26, 2016, the petitioner filed a petition for writ of habeas corpus, claiming that the trial court was without jurisdiction to impose his conviction because the indictment was improperly amended after the jury was empaneled and jeopardy had attached and that his judgment was void because the trial court provided erroneous jury instructions.  The habeas corpus court summarily dismissed the petition, finding that the petitioner had consented to the amendment of the indictment prior to the

seating of the jury and that the petitioner's claim relative to the jury instructions was not a cognizable claim for habeas corpus relief.

In this appeal, the petitioner contends that the habeas corpus court erred by summarily dismissing his petition. The State asserts that the habeas corpus court committed no error because the petitioner failed to state a cognizable claim for habeas corpus relief.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In our view, the petitioner has failed to establish entitlement to habeas corpus relief. With regard to the petitioner's claim relative to the amendment of the indictment, the documentation attached to the original petition for writ of habeas corpus belies both the petitioner's claim in the habeas corpus court that the indictment was amended after jeopardy had attached and his claim, asserted for the first time on appeal, that he did not consent to the amendment. Instead, the excerpt of the trial transcript provided by the petitioner establishes that the State moved the court to amend the indictment to correct the statutory reference before the jury was selected and that the defendant's attorney consented to the amendment. Moreover, even "'[i]f the indictment was not properly amended, . . . the judgment [would be] voidable and not void on its face." *Gary E. Aldridge v. State*, No. M2005-01861-CCA-R3-HC, slip op. at 4 (Tenn.

Crim. App., Nashville, Apr. 28, 2006) (quoting *Donald Walton v. State*, No. M2002-02044-CCA-R3-CO, slip op. at 2 (Tenn. Crim. App., Nashville, Jan. 28, 2004)).

As to the petitioner's remaining claim, a claim of error in the jury instructions is not a cognizable claim for habeas corpus relief. *See, e.g.*, *Danny Ray Lacy v. Cherry Lindamood, Warden*, No. M2009-00072-CCA-R3-CO, slip op. at 3 (Tenn. Crim. App., Nashville, Sept. 22, 2009).

Accordingly, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE