IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

FILED
06/29/2017
Clerk of the
Appellate Courts

## JOHN JOSEPH KRATOCHVIL v. RANDY LEE, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-16-CR-108     Lisa Rice, Judge**

### No. E2016-02056-CCA-R3-HC

The pro se petitioner, John Joseph Kratochvil, appeals as of right from the Johnson County Criminal Court's order summarily dismissing his petition for writ of habeas corpus. The State has filed a motion to affirm the habeas corpus court's order pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

John Joseph Kratochvil, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Benjamin A. Ball, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On March 31, 2010, the petitioner pleaded guilty to second degree murder and was sentenced to serve 35 years' incarceration. The petitioner filed an unsuccessful petition for post-conviction relief, the denial of which was affirmed by this court on direct appeal. *John Joseph Kratochvil v. State*, No. M2012-00112-CCA-R3-PC (Tenn. Crim. App., at Nashville, Feb. 15, 2013), *perm. app. denied* (Tenn. June 13, 2013). The

petitioner then filed an unsuccessful petition for writ of error coram nobis, the denial of which was affirmed on direct appeal. *John Joseph Kratochvil v. State*, No. M2012-02716-CCA-R3-CO (Tenn. Crim. App., at Nashville, Apr. 30, 2013), *perm. app. denied* (Tenn. Sept. 10, 2013). Next, the petitioner filed an unsuccessful petition for writ of habeas corpus, the denial of which was affirmed on direct appeal. *John Joseph Kratochvil v. State*, No. M2014-00600-CCA-R3-HC (Tenn. Crim. App., at Nashville, Oct. 27, 2014), *perm. app. denied* (Tenn. Feb. 13, 2015).

On July 22, 2015, the petitioner filed the instant petition for writ of habeas corpus alleging that his judgment is void because he was arrested illegally without a warrant. The State filed a response asserting that the petition should be denied for failure to state a cognizable habeas corpus claim. On September 8, 2016, the trial court summarily dismissed the petition. The petitioner filed a timely notice of appeal.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

As this court has held, an "[a]rrest without a warrant does not per se violate any constitutional right entitling the defendant to post-conviction relief by habeas corpus where he is subsequently convicted upon a valid indictment." *Nelson v. State*, 470

S.W.2d 32, 33 (Tenn. Crim. App. 1971); *see also Jason Martindill v. Dwight Barbee, Warden*, No. E2012-02624-CCA-R3-HC, slip op. at 4-5 (Tenn. Crim. App., at Jackson, Nov. 13, 2013) (petitioner's claim that his arrest was warrantless, illegal, or unconstitutional is not cognizable in a habeas corpus proceeding). Therefore, the trial court's summary dismissal was proper.

Accordingly, we affirm the judgment of the Johnson County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE