IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2020

## EDDIE H. PITTMAN v. SHAWN PHILLIPS, WARDEN

**Appeal from the Circuit Court for Lake County
No. 19-CR-10658   R. Lee Moore, Jr., Judge**

_____

### No. W2019-01474-CCA-R3-HC

_____

The petitioner, Eddie H. Pittman, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his 2015 Madison County Circuit Court jury conviction of reckless aggravated assault. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER, and J. ROSS DYER, JJ., joined.

Eddie H. Pittman, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Jerry Woodall, District Attorney General; and Andrew Craig Coulam, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Madison County Grand Jury charged the petitioner with two counts of attempted first degree murder, one count of especially aggravated burglary, and one count of aggravated assault for his March 7, 2014 assault of the victim, Rodricus Morris. Prior to trial, the trial court "modified the indictment" to reflect the parties' agreement that the second count of attempted first degree murder should be dismissed. The case proceeded to trial on the remaining three counts in 2015, and a Madison County Circuit Court jury convicted the petitioner of the lesser included offenses of felony reckless endangerment, aggravated criminal trespass, and reckless aggravated assault. The trial court merged the conviction of felony reckless endangerment into the conviction of reckless aggravated assault and imposed a sentence of 12 years' incarceration aligned consecutively to the sentence of 11 months and 29 days that was imposed for his conviction of aggravated criminal trespass. On direct appeal, the petitioner challenged the sufficiency of the

convicting evidence and the propriety of the sentence. This court affirmed the judgments of the trial court, and the petitioner did not file an application for permission to appeal to our supreme court. *See generally State v. Eddie H. Pittman*, No. W2016-00745-CCA-R3-CD (Tenn. Crim. App., Jackson, May 16, 2017).

In a July 2019 petition for writ of habeas corpus, the petitioner alleged entitlement to habeas corpus relief on grounds that the judgment for his conviction of reckless aggravated assault was void because "count three (3) of superseding indictment #15-58" did "not charge petitioner with the offense of aggravated assault." The habeas corpus court summarily dismissed the petition, finding that the petitioner had failed to state a cognizable claim for habeas corpus relief. The court noted that "[i]t is obvious that the court charged the jury with reckless aggravated assault as a lesser included offense of aggravated assault."

In this appeal, the petitioner argues that the trial court erred by summarily dismissing his petition, asserting that the habeas corpus court "failed to address" his "true argument that count three of indictment #15-58, under which count three" the court "imposed conviction and sentencing . . . for reckless aggravated assault, does not charge . . . the offense of aggravated assault nor reckless aggravated assault." The State contends that the habeas corpus court did not err.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn.

-2-

1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

Initially, the State correctly observes that the petitioner exhibited to his petition for writ of habeas corpus only the first three counts of the superseding indictment. The record reflects that the four-count superseding indictment charged the petitioner with two alternative counts of attempted first degree murder, one count of especially aggravated burglary, and one count of aggravated assault. As the petitioner notes in his petition for writ of habeas corpus, the State dismissed the second count of the indictment, which charged attempted first degree murder, prior to trial. Thus, the case proceeded to trial on three counts: attempted first degree murder, especially aggravated burglary, and aggravated assault. The petitioner was convicted of three lesser included offenses, felony reckless endangerment, aggravated criminal trespass, and reckless aggravated assault, that aligned with the charged offenses. To be sure, the judgment form for the petitioner's conviction of reckless aggravated assault indicates that the judgment was rendered on "Count 3" of the indictment. In all likelihood, this memorialization reflects a renumbering of the counts following the pretrial dismissal of the second count of the indictment. Even if that was not the case, however, the inclusion of "Count 3" on the judgment form for the petitioner's conviction of reckless aggravated assault would not render that judgment void. Instead, it would be, at most, a clerical error that could easily be remedied by the trial court at any time.

Accordingly, we affirm the judgment of the habeas corpus court.

_____
JAMES CURWOOD WITT, JR., JUDGE