IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2021

## HAROLD HOLLOWAY, JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County
No. 310037    Tom Greenholtz, Judge**

_____

### No. E2020-01361-CCA-R3-CD

_____

The petitioner, Harold Holloway, Jr., appeals the summary dismissal of his petition, styled in the alternative as both a petition for writ of habeas corpus and a motion to correct an illegal sentence. Because the petitioner failed to present colorable claims for relief via either procedural vehicle, the trial court did not err by summarily dismissing the pleading.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and ROBERT L. HOLLOWAY, JR., JJ., joined.

Harold Holloway, Jr., Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Edwin Alan Groves, Jr., Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2003, a Hamilton County Criminal Court jury convicted the petitioner of one count of second degree murder, one count of attempted theft of property valued at $10,000 or more but less than $60,000, one count of attempted aggravated robbery, and one count of attempted carjacking related to the death of Bradley Huskey on June 29, 2000, and the trial court imposed a total effective sentence of 40 years' incarceration in the Department of Correction. *State v. Harold Holloway, Jr.*, No. E2004-00882-CCA-R3-CD, 2005 WL 1981791, at *3 (Tenn. Crim. App., Knoxville, Aug. 16, 2005). This court merged the conviction of attempted theft into the conviction of attempted aggravated robbery and affirmed the remaining convictions and accompanying sentences in all other respects. *See id.* The petitioner did not seek further direct appellate review. Later, the petitioner

unsuccessfully petitioned for habeas corpus relief, and this court affirmed the summary dismissal of his petition for writ of habeas corpus. *Harold Holloway v. David Sexton, Warden*, No. E2012-02451-CCA-R3-HC, 2013 WL 3873280, at \*2 (Tenn. Crim. App., Knoxville, July 24, 2013).

On June 3, 2020, the pro se petitioner petitioned the trial court for a writ of habeas corpus or, in the alternative, to correct via Tennessee Rule of Criminal Procedure 36.1 what he believed to be an illegal sentence. In his pleading, the petitioner argued that his sentences were illegal because the trial court applied the incorrect offender classification and release eligibility percentage to each of his convictions. He claimed that, because the offenses "occurred during a single criminal transgression" and because he had only two prior felony convictions, he should have been sentenced as a Range I, standard offender and that a 30 percent release eligibility percentage applied to each of his convictions. The trial court summarily dismissed the petition, finding that the petitioner failed to present cognizable grounds for relief via either habeas corpus or Rule 36.1.

In this appeal, the petitioner challenges the summary dismissal of his petition. The State asserts that the trial court did not err.

Illegal sentences render the judgment void; "void and illegal judgments are subject to being corrected at any time and may be challenged via a habeas corpus petition or motion to correct an illegal sentence pursuant to Rule 36.1." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021).

The writ of habeas corpus is constitutionally guaranteed, see U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). "The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). We review the habeas corpus court's decision "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The petitioner's claim that the trial court imposed sentences subject to an incorrect offender classification does not present a cognizable ground for relief via either a petition for writ of habeas corpus or a Rule 36.1 motion because "an allegedly erroneous offender classification does not create an illegal sentence." *Cantrell v. Easterling*, 346 S.W.3d 445, 459 (Tenn. 2011). Because the petitioner failed to present a cognizable claim for relief via either a petition for writ of habeas corpus or Rule 36.1, the trial court did not err by summarily dismissing his pleading.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE