IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2022

## DAVID FRAZIER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-06373      Carolyn Wade Blackett, Judge**

_____

### No. W2021-01475-CCA-R3-HC

_____

The petitioner, David Frazier, appeals the summary dismissal of his petition for writ of habeas corpus, which petition challenged his Shelby County Criminal Court guilty-pleaded conviction of rape of a child, arguing that the trial court's order denying habeas corpus relief does not contain sufficient factual and legal findings to facilitate appellate review. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and TIMOTHY L. EASTER, JJ., joined.

James Shae Atkinson, Memphis, Tennessee, for the appellant, David Frazier.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

We glean from the sparse record that the petitioner pleaded guilty to rape of a child on April 21, 2014, and that the trial court imposed a sentence of 20 years' incarceration to be served at 100 percent by operation of law. In June 2021, the petitioner filed a petition for writ of habeas corpus seeking relief on grounds that he "was unaware of the mandatory nature of his sentences and he was not eligible for probation or community corrections," that he "was not advised by the trial court that he was required to register" as a sex offender and submit to community supervision for life, that the trial court failed to follow the mandates of Tennessee Rule of Criminal Procedure 11 when taking the petitioner's plea, that the trial court improperly denied his "motion for discovery," that the State suppressed exculpatory evidence, that the trial court erred by denying his Tennessee

Rule of Criminal Procedure 35 motion to reduce his sentence, and that he was deprived of the effective assistance of counsel. The habeas corpus court appointed counsel to assist the petitioner with his claims, but no amended petition for writ of habeas corpus appears in the record on appeal. Instead, the habeas corpus court summarily dismissed the petition, finding that the petitioner was not entitled to relief under the terms of the habeas corpus statute and that, according to the petitioner's counsel, the petitioner "is aware that his request is inappropriate for a Writ of Habeas Corpus."

In this timely appeal, the petitioner asserts that the habeas corpus court erred by summarily dismissing his petition without making any findings of fact or conclusions of law and that the court's meager order was insufficient to facilitate appellate review. The State contends that summary dismissal was appropriate because the petitioner "failed to demonstrate that his judgment was void or that his confinement was illegal."

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)). The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

To be sure, the habeas corpus court's order inaccurately described the conviction offense and would have benefitted from more robust findings of both fact and law. That being said, the order was sufficient to dispose of the petition, and, upon our de novo review, we affirm the denial of habeas corpus relief. Claims of an unknowing or involuntary guilty plea, ineffective assistance of counsel, the suppression of evidence, and

the trial court's compliance with Rule 11 or that court's ruling on the petitioner's Rule 35 motion are not cognizable in a habeas corpus proceeding. Indeed, none of the claims raised in the petition, even if true, would avail the petitioner of habeas corpus relief.

Accordingly, we affirm the order of the trial court summarily dismissing the petition for writ of habeas corpus.

_____
JAMES CURWOOD WITT, JR., JUDGE